1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AL GENE FISHER, Jr.,                          Case No.  2:22-cv-01952-JDP (PC)

12                    Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                                    MOTION TO APPOINT COUNSEL
13          v.
                                                    ECF No. 10
14   T. GALYEN, *et al.*,

15                    Defendants.

16

17

18          Plaintiff is a state inmate proceeding without counsel in this civil rights action brought

19   under 42 U.S.C. § 1983.  He has filed a motion asking that he be appointed counsel.  ECF No. 10.

20          Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

21   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

22   attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,

23   298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C.

24   § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

25   counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will

26   seek volunteer counsel only in exceptional circumstances.  In determining whether such

27   circumstances exist, "the district court must evaluate both the likelihood of success on the merits

28

                                                    1

1  [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

2  legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

3      Plaintiff asks that counsel be appointed because the issues in this case are complex and he

4  has a limited knowledge of the law.  ECF No. 10 at 1.  The court cannot conclude that exceptional

5  circumstances requiring the appointment of counsel are present here.  The allegations in the

6  complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely

7  to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 10, is

8  denied without prejudice.

9      The court may revisit this issue at a later stage of the proceedings if the interests of justice

10  so require.  If plaintiff later renews his request for counsel, he should provide a detailed

11  explanation of the circumstances that he believes justify appointment of counsel in this case.

12     Accordingly, it is hereby ORDERED that plaintiff's motion for appointment of counsel,

13  ECF No. 10, is denied without prejudice.

14
15  IT IS SO ORDERED.

16
    Dated:    March 24, 2023        _____
17                                  JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

                                     2