UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GENE FISHER, JR., | Case No. 2:22-cv-01952-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| GALYEN, *et al.*, | |
| Defendants. | |

Plaintiff brought this action alleging that nineteen defendants at California State Prison Sacramento violated his rights by: (1) searching his cell and destroying his property in retaliation for, among other things, filing a grievance under the Prison Rape Elimination Act; (2) failing to protect him when they called him a "snitch" and a sex offender in order to motivate other inmates to attack him; (3) used excessive force against him when they broke up a fight between inmates; and (4) were deliberately indifferent to his medical needs after the excessive force incident. All of these claims were screened through together. ECF No. 6. On June 26, 2023, defendants filed a motion to dismiss wherein they argued that these claims were improperly joined insofar as they were unrelated and proceeding against multiple defendants. ECF No. 18. They also argued that the complaint failed to delineate between the numerous defendants and explain how each was personally involved in violating plaintiff's rights. *Id.*

I have reviewed the complaint anew and broadly agree with defendants' conclusions. There are three categories of claims at issue: (1) those for retaliation; (2) those for failing to protect; and (3) the excessive force and medical claims which I find related enough to proceed

1

jointly.  Given the number of defendants and the lack of factual or legal relation between these claims, only one category can proceed.  Moreover, I cannot tell how each of these nineteen defendants was involved in each incident.  Plaintiff simply lists numerous names and, without describing each person's involvement, alleges that they violated his rights.

Defendants' requested relief—dismissal of the complaint with prejudice—is inappropriate, however.  Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not a ground for dismissing an action."  And rather than *sua sponte* severing these claims myself, I find it most efficient to provide plaintiff with an opportunity to amend.  He should do so within thirty days of this order's entry and he is advised that the new complaint will entirely supersede the initial one.  Further, plaintiff should take pains to ensure that his claims are related, that he alleges how each individual defendant was involved in the violation of his rights, and that his handwriting and organization render the complaint legible.  If plaintiff does not file an amended complaint within the deadline, I will select one category of claims to proceed and sever the others.

I will defer ruling on defendants' motion to dismiss plaintiff files an amended complaint or the deadline for doing so has passed.

It is ORDERED that:

1. The Clerk of Court is directed to send plaintiff a section 1983 complaint form.

2. Within thirty days of this order's entry, plaintiff should file an amended complaint that remedies the deficiencies in his current one.  If he does not, I will recommend that claims be severed.

IT IS SO ORDERED.

Dated: August 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2