UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GENE FISHER, JR., | Case No. 2:22-cv-01952-JDP (PC) |
| Plaintiff, | SCREENING ORDER FINDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT IS DEFICIENT AND OFFERING LEAVE TO AMEND AND DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER |
| v. | |
| GALYEN, *et al.*, | |
| Defendants. | |
| | ECF No. 22 |
| | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED AS PREMATURE |
| | ECF No. 18 |

Plaintiff, a state prisoner proceeding *pro se*, brought this case in October 2022. ECF No. 1. On March 27, 2023, I directed service of the complaint. ECF No. 12. Then, defendant Diaz moved to dismiss the complaint, arguing that it contained multiple unrelated claims against more than one defendant in violation of the federal rules of civil procedure. ECF No. 18. I agreed, but deferred ruling on the motion to dismiss and gave plaintiff leave to amend. ECF No. 21. He did so, ECF No. 22, but the amended complaint still contains several unrelated claims, joined only by the loose allegation that all are part of a campaign of retaliation. Accordingly, I will give plaintiff another, final opportunity to amend before I recommend eliminating claims. Additionally, I will

1

now deny as premature the outstanding motion to dismiss. There is little benefit to leave it pending when the court is already addressing its concerns through screening.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

## II. Analysis

Plaintiff's sixty-two-page complaint names twenty defendants, ECF No. 22 at 5, and recounts incidents of retaliation and excessive force ranging in date from September 2021, *id.* at 7, to May 5, 2022, *id.* at 11. Many of these claims bear no obvious relation to each other. For instance, plaintiff alleges that, on January 14, 2022, defendant Aguilar retaliated against him by searching his cell and destroying his property. *Id.* at 9. Separately, plaintiff alleges that, on May 5, 2022, defendant Joseph denied him medical attention. *Id.* at 10. Where, as here, plaintiff has sued numerous defendants, all claims must arise out of the same transaction or occurrence and have common questions of law or fact. Fed. R. Civ. P. 20(a)(2). And, practically speaking, litigating a case with as many defendants and varied claims as are contained in the first amended complaint will prove difficult.

I will give plaintiff leave to amend. He is advised that the amended complaint will supersede the current one.[1] *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If he persists in joining unrelated claims or declines to file an amended complaint within the deadline, I will recommend dismissing claims so that only related ones remain.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that claims be dismissed so that only related ones remain.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order and shall randomly assign a District Judge to this matter.

Further, it is RECOMMENDED that defendant Diaz's motion to dismiss, ECF No. 18, be

---

[1] Plaintiff is advised that he can no longer amend as a matter of course and may do so now only by leave of the court or with defendants' written consent. Fed. R. Civ. P. 15(a)(2). This order constitutes leave of the court.

3

DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4